UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANSPAC MARINE LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>YACHTINSURE SERVICES, INC. )<br>a foreign Corporation, )<br>)<br>Defendant. ) | CASE NO.: 1:20-cv-10115-DPW |

**DEFENDANT, YACHTINSURE SERVICES, INC.'S, RESPONSES TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS NOT IN DISPUTE IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AT DOCKET NO. 29.**

NOW COMES the Defendant/Plaintiff in Counterclaim, Yachtinsure Services, Inc. ("Yachtinsure" or "Defendant"), in the above captioned matter, by and through its undersigned attorneys, Holbrook & Murphy, and respectfully serves its Responses to the Plaintiff, Transpac Marine, LLC's Statement of Additional Facts Not in Dispute at in Support of its Opposition to Defendant's Motion For Summary Judgment at Docket No. 29 as follows:

**STATEMENT OF FACT No. 1:**

Ralph Young is a seasoned mariner and have ridden out numerous storms both at moorings and marina docks and decided pursuant to the hurricane plan to remain at a lee island moored within the territorial area denoted in his hurricane plan. (DE24-3, Exh C Dec of Young pg 1 ¶12)

**RESPONSE:**

Yachtinsure objects to the Plaintiff's Statement No. 1 to the extent that it is not a fact material to the Motion because the issue is that the Plaintiff represented in its Hurricane Plan that it *had* advance reservations at marinas, but it did not. Therefore, the material misrepresentation voids that Policy *ab initio* and the Plaintiff's Statement that he "decided pursuant to the hurricane plan to remain at a lee island moored within the territorial area denoted in his hurricane plan" is not material to the motion. Notwithstanding and without waiving these objections disputed. The Plaintiff represented, in its Hurricane Plan that it had "[C]onstant weather watches and advance

reservations as marinas" as "arrangements [the Plaintiff] *made* for the safety of [the Plaintiff's vessel] in the event that a named storm warning is issued."[1] The Plaintiff represented, in its Hurricane Plan that it would secure the Vessel with "10 lines, 3/4 inch…"[2] In subsequent correspondence, Transpac confirmed that it would double the Vessel's lines in the event of a named/numbered windstorm.[3] Despite the Plaintiff's material representations, the Plaintiff did not have advance reservations at marinas and did not double the Vessel's lines.[4]

**STATEMENT OF FACT No. 2:**

The vessel was moored in Crown Bay, St Thomas U.S. Virgin Islands at a single point mooring well before the forecasted storm. The expected winds were to be in the 40-50 MPH range.( DE 24-3 Exh C Dec of Young pg 2¶13,14)

**RESPONSE:**

Undisputed for purposes of this Motion.[5]

**STATEMENT OF FACT No. 3:**

On or about August 28, 2019, while the Vessel was at a mooring in the US Virgin Islands, the forecasted track of Hurricane Dorian unexpectedly veered north and the Vessel was met by strong winds and caused her mooring lines to part.( DE 24-3, Exh C Dec of Young pg 2¶14)

**RESPONSE:**

Yachtinsure objects to the Plaintiff's Statement No. 3 to the extent that it is not a fact material to the Motion. Yachtinsure further objects to the term "unexpectedly" as vague and ambiguous. Notwithstanding and without waiving these objections, disputed. The Plaintiff admitted, under oath, that a hurricane watch was in effect on August 27, 2019.[6]

**STATEMENT OF FACT No. 4:**

Ralph Young thereafter immediately set a heavy-duty anchor in Crown Bay.( DE 24-3, Exh C Dec of Young pg 2¶15)

---

[1] Docket No. 24-5 § 19.
[2] Docket No. 24-5 § 10.
[3] Docket No. 28 *Talbot Dec.* at ¶ 20
[4] Docket No. 27-5 *EUO No. 2* at p. 6 line 9 through p. 7, line 6; Docket No. 27-14 *EUO No. 1* at p. 25, line 24 through p. 26 line 7
[5] Where Yachtinsure states "Undisputed for purposes of this Motion" or its equivalent in Response to Plaintiff's Statement of Undisputed Facts, Yachtinsure either does not dispute the factual proffer and/or believes the alleged facts are not material or relevant to the instant Motion. In either or both cases, if this Action proceeds past Summary Judgment, Yachtinsure reserves its rights to deny and/or further respond to the allegations.
[6] Docket No. 27-6 *EUO No. 1* at p. 43 lines 11-13.

**RESPONSE:**

Yachtinsure objects to the Plaintiff's Statement No. 4 to the extent that it is not a fact material to the Motion. The Plaintiff's material misrepresentations voided that Policy *ab initio* and the Plaintiff's Statement that he "immediately set a heavy-duty anchor in Crown Bay" is not material to the motion. Notwithstanding the objection, disputed. The Plaintiff represented, in its Hurricane Plan that it had "[C]onstant weather watches and advance reservations as marinas" as "arrangements [the Plaintiff] *made* for the safety of [the Plaintiff's vessel] in the event that a named storm warning is issued."[7] The Plaintiff represented, in its Hurricane Plan that it would secure the Vessel with "10 lines, 3/4 inch…"[8] In subsequent correspondence, Transpac confirmed that it would double the Vessel's lines in the event of a named/numbered windstorm.[9] Despite the Plaintiff's material representations, the Plaintiff did not have advance reservations at marinas and did not double the Vessel's lines.[10] Notwithstanding and without waiving these objections, undisputed for purposes of this Motion.

**STATEMENT OF FACT No. 5:**

Upon setting the anchor, a third party, Dan Radulewicz, disconnected the anchor gear and the Vessel was caused to ground on a reef and was destroyed. (DE 24-3, Exh C Dec of Young pg 2¶16)

**RESPONSE:**

Yachtinsure objects to the Plaintiff's Statement No. 5 to the extent that it mischaracterizes the evidence cited, and is not a fact material to the Motion. The Plaintiff's material misrepresentations voided that Policy *ab initio* and the Plaintiff's Statement that he "immediately set a heavy-duty anchor in Crown Bay" is not material to the motion. The Plaintiff represented, in its Hurricane Plan that it had "[C]onstant weather watches and advance reservations as marinas" as "arrangements [the Plaintiff] *made* for the safety of [the Plaintiff's vessel] in the event that a named storm warning is issued."[11] The Plaintiff represented, in its Hurricane Plan that it would secure the Vessel with "10 lines, 3/4 inch…"[12] In subsequent correspondence, Transpac confirmed that it would double the Vessel's lines in the event of a named/numbered windstorm.[13] Despite the Plaintiff's material representations, the Plaintiff did not have advance reservations at marinas and did not double the Vessel's lines.[14] Notwithstanding and without waiving these objections, Yachtinsure disputes the Plaintiff's Statement No. 5 as Yachtinsure contends that the loss was due to Transpac's failure to adhere to the Hurricane Plan it submitted to Yachtinsure.

---

[7] Docket No. 24-5 § 19.
[8] Docket No. 24-5 § 10.
[9] Docket No. 28 *Talbot Dec.* at ¶ 20
[10] Docket No. 27-5 *EUO No. 2* at p. 6 line 9 through p. 7, line 6; Docket No. 27-14 *EUO No. 1* at p. 25, line 24 through p. 26 line 7
[11] Docket No. 24-5 § 19.
[12] Docket No. 24-5 § 10.
[13] Docket No. 28 *Talbot Dec.* at ¶ 20
[14] Docket No. 27-5 *EUO No. 2* at p. 6 line 9 through p. 7, line 6; Docket No. 27-14 *EUO No. 1* at p. 25, line 24 through p. 26 line 7

**STATEMENT OF FACT No. 6:**

The complete loss of the Vessel occurred prior to Tropical Storm Karen. (Exh C Dec of Young pg 2¶16)

**RESPONSE:**

Yachtinsure objects to the Plaintiff's Statement No. 6 to the extent that it mischaracterizes the evidence cited, and is not a fact material to the Motion. The Plaintiff's material misrepresentations voided that Policy *ab initio* and the Plaintiff's Statement that "complete loss of the Vessel occurred prior to Tropical Storm Karen" is not material to the motion. The Plaintiff represented, in its Hurricane Plan that it had "[C]onstant weather watches and advance reservations as marinas" as "arrangements [the Plaintiff] **made** for the safety of [the Plaintiff's vessel] in the event that a named storm warning is issued."[15] The Plaintiff represented, in its Hurricane Plan that it would secure the Vessel with "10 lines, 3/4 inch…"[16] In subsequent correspondence, Transpac confirmed that it would double the Vessel's lines in the event of a named/numbered windstorm.[17] Despite the Plaintiff's material representations, the Plaintiff did not have advance reservations at marinas and did not double the Vessel's lines.[18] Notwithstanding and without waiving these objections, Yachtinsure states that it cannot accurately answer Plaintiff's Statement No. 6 as it states a legal conclusion, and, in any event, Yachtinsure disputes the Plaintiff's Statement No. 6 as Yachtinsure contends that the loss was due to Transpac's failure to adhere to the Hurricane Plan it submitted to Yachtinsure.

**STATEMENT OF FACT No. 7:**

The Vessel was Ralph Young's home and he did everything within is power and skill to save the vessel, salvage the vessel and get resources to remove it from the reef. (DE 24-3 Exh C Dec of Young pg 2 ¶19)

**RESPONSE:**

Yachtinsure objects to the Plaintiff's Statement No. 7 to the extent that it mischaracterizes the evidence cited, and is not a fact material to the Motion. The Plaintiff's material misrepresentations voided that Policy *ab initio* and the Plaintiff's Statement that he "[t]he Vessel was Ralph Young's home and he did everything within its power and skill to save the vessel, salvage the vessel and get resources to remove it from the reef." is not material to the motion. The Plaintiff represented, in its Hurricane Plan that it had "[C]onstant weather watches and advance reservations as marinas" as "arrangements [the Plaintiff] **made** for the safety of [the Plaintiff's vessel] in the event that a named storm warning is issued."[19] The Plaintiff represented, in its Hurricane Plan that it would secure the Vessel with "10 lines, 3/4 inch…"[20] In subsequent

---

[15] Docket No. 24-5 § 19.
[16] Docket No. 24-5 § 10.
[17] Docket No. 28 *Talbot Dec.* at ¶ 20
[18] Docket No. 27-5 *EUO No. 2* at p. 6 line 9 through p. 7, line 6; Docket No. 27-14 *EUO No. 1* at p. 25, line 24 through p. 26 line 7
[19] Docket No. 24-5 § 19.
[20] Docket No. 24-5 § 10.

correspondence, Transpac confirmed that it would double the Vessel's lines in the event of a named/numbered windstorm.[21] Despite the Plaintiff's material representations, the Plaintiff did not have advance reservations at marinas and did not double the Vessel's lines.[22] Notwithstanding and without waiving these objections, undisputed for purposes of this Motion.

**STATEMENT OF FACT No. 8:**

YachtInsure has not returned the premium paid for the insuring policy. (DE 24-3, Exh C Dec of Young pg 1 ¶29)

**RESPONSE:**

Yachtinsure objects to the Plaintiff's Statement No. 8 to the extent that it is not a fact material to the Motion. The Plaintiff's material misrepresentations voided that Policy *ab initio* and the Plaintiff's Statement that the "YachtInsure has not returned the premium paid for the insuring policy" is not material to the motion. The Plaintiff represented, in its Hurricane Plan that it had "[C]onstant weather watches and advance reservations as marinas" as "arrangements [the Plaintiff] *made* for the safety of [the Plaintiff's vessel] in the event that a named storm warning is issued."[23] The Plaintiff represented, in its Hurricane Plan that it would secure the Vessel with "10 lines, 3/4 inch…"[24] In subsequent correspondence, Transpac confirmed that it would double the Vessel's lines in the event of a named/numbered windstorm.[25] Despite the Plaintiff's material representations, the Plaintiff did not have advance reservations at marinas and did not double the Vessel's lines.[26] Yachtinsure further objects to Plaintiff's Statement No. 8 as not material as pursuant to the terms of the Policy same is not required. Notwithstanding and without waiving these objections, undisputed for purposes of this Motion.

**STATEMENT OF FACT No. 9:**

Plaintiff TransPac followed the hurricane plan to the best of its ability and resources and with regard to the prevailing weather conditions and storm forecasts to preserve life and property. (DE24-3 Exh C Dec of Young pg 3¶31)

**RESPONSE:**

Disputed. The Plaintiff represented in its Hurricane Plan that it *had* advance reservations at marinas, but it did not. Therefore, the material misrepresentation voids that Policy *ab initio*. The Plaintiff represented, in its Hurricane Plan that it had "[C]onstant weather watches and advance reservations as marinas" as "arrangements [the Plaintiff] *made* for the safety of [the Plaintiff's

---

[21] Docket No. 28 *Talbot Dec.* at ¶ 20
[22] Docket No. 27-5 *EUO No. 2* at p. 6 line 9 through p. 7, line 6; Docket No. 27-14 *EUO No. 1* at p. 25, line 24 through p. 26 line 7
[23] Docket No. 24-5 § 19.
[24] Docket No. 24-5 § 10.
[25] Docket No. 28 *Talbot Dec.* at ¶ 20
[26] Docket No. 27-5 *EUO No. 2* at p. 6 line 9 through p. 7, line 6; Docket No. 27-14 *EUO No. 1* at p. 25, line 24 through p. 26 line 7

vessel] in the event that a named storm warning is issued."[27] The Plaintiff represented, in its Hurricane Plan that it would secure the Vessel with "10 lines, 3/4 inch…"[28] In subsequent correspondence, Transpac confirmed that it would double the Vessel's lines in the event of a named/numbered windstorm.[29] Despite the Plaintiff's material representations, the Plaintiff did not have advance reservations at marinas and did not double the Vessel's lines.[30]

**STATEMENT OF FACT No. 10:**

Plaintiff TransPac's loss was caused by a third party severing its anchor line during a storm. (DE24-3 Exh C Dec of Young pg 3¶32)

**RESPONSE:**

Yachtinsure objects to the Plaintiff's Statement No. 10 to the extent that it mischaracterizes the evidence cited, and is not a fact material to the Motion. The Plaintiff's material misrepresentations voided that Policy *ab initio* and the Plaintiff's Statement that he "immediately set a heavy-duty anchor in Crown Bay" is not material to the motion. The Plaintiff represented, in its Hurricane Plan that it had "[C]onstant weather watches and advance reservations as marinas" as "arrangements [the Plaintiff] *made* for the safety of [the Plaintiff's vessel] in the event that a named storm warning is issued."[31] The Plaintiff represented, in its Hurricane Plan that it would secure the Vessel with "10 lines, 3/4 inch…"[32] In subsequent correspondence, Transpac confirmed that it would double the Vessel's lines in the event of a named/numbered windstorm.[33] Despite the Plaintiff's material representations, the Plaintiff did not have advance reservations at marinas and did not double the Vessel's lines.[34] Transpac further objects to Plaintiff's Statement No. 10 as it call for a legal conclusion.  Notwithstanding and without waiving these objections,  Yachtinsure states that it cannot accurately answer Plaintiff's Statement No. 10 as it states a legal conclusion, and, in any event, Yachtinsure disputes the Plaintiff's Statement No. 10 as Yachtinsure contends that the loss was due to Transpac's failure to adhere to the Hurricane Plan it submitted to Yachtinsure.

---

[27] Docket No. 24-5 § 19.
[28] Docket No. 24-5 § 10.
[29] Docket No. 28 *Talbot Dec.* at ¶ 20
[30] Docket No. 27-5 *EUO No. 2* at p. 6 line 9 through p. 7, line 6; Docket No. 27-14 *EUO No. 1* at p. 25, line 24 through p. 26 line 7
[31] Docket No. 24-5 § 19.
[32] Docket No. 24-5 § 10.
[33] Docket No. 28 *Talbot Dec.* at ¶ 20
[34] Docket No. 27-5 *EUO No. 2* at p. 6 line 9 through p. 7, line 6; Docket No. 27-14 *EUO No. 1* at p. 25, line 24 through p. 26 line 7

Respectfully Submitted,
Defendant, Yachtinsure Services, Inc.
By its attorneys,

HOLBROOK & MURPHY

*/s/ Daniel C. Kelley*
Robert J. Murphy BBO# 557659
Samuel P. Blatchley BBO# 670232
Daniel C. Kelley BBO# 703555
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
rmurphy@holbrookmurphy.com
sblatchley@holbrookmurphy.com
dkelley@holbrookmurphy.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2021, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Daniel C. Kelley*
Daniel C. Kelley BBO# 703555
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
dkelley@holbrookmurphy.com