UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANSPAC MARINE LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>YACHTINSURE SERVICES, INC.<br>a foreign Corporation,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　CASE NO.: 1:20-cv-10115-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT, YACHTINSURE SERVICES, INC.'S MOTION TO STRIKE PLAINTIFF'S RESPONSES TO DEFENDANT'S CONCISE STATEMENT OF FACTS 17, 19, AND 30 IN SUPPORT IF ITS MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, Yachtinsure Services, Inc. ("Yachtinsure" or "Defendant"), in the above captioned matter, by and through its attorneys, Holbrook & Murphy, and respectfully submits its Motion to Strike Plaintiff's Responses to Defendant's Concise Statement of Material Facts ("Yachtinsure's Statement of Fact") 17, 19, and 30 in Support of its Motion for Summary Judgment (hereinafter referred to as "Motion to Strike"). Yachtinsure submits the below in support of its Motion to Strike.

1. *Plaintiff's Response to Yachtinsure's Statement of Fact No. 17.*

Yachtinsure's Statement of Fact No. 17 States:

> Prior to Yachtinsure issuing the Policy, in its Hurricane Plan, Transpac specifically stated that, in the event that a named windstorm warning is issued that it **had "advance reservations at marinas"** for the safety of its Vessel. *Talbot Dec.* at ¶ 17; *Exhibit B to Talbot Dec.* at § 19.

Docket No. 27 at p. 4 ¶ 17 (our emphasis added).

In Response, the Plaintiff, Transpac Marine, LLC ("Transpac") denies Yachtinsure's Statement of Fact No. 17 stating:

> Fact #17 is denied. Plaintiff claims it **would make advance reservations** and attempted to do so prior to the storm. DE 24-3.

Docket No. 30 at p. 3 ¶ 17. (our emphasis added).

The Federal Rules of Civil Procedure state that a party "asserting that a fact cannot be or is genuinely disputed ***must support the assertion by:***

> (A) **citing to particular parts of materials in the record**, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) **showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.**"

Fed. R. Civ. P. 56 (c)(1)(A)-(B) (our emphasis added).

In support of its denial of Yachtinsure's Statement of Fact No. 17, Transpac cites to Docket No. 24-3 which is the Declaration of Transpac Marine in Support of Summary Judgment ("Transpac Declaration")[1]. However, the Transpac Declaration fails to support the Plaintiff's assertion in its Response to Statement of Fact No. 17 and is contrary to the evidence in the record.

The evidence before the Court shows that there is *no genuine dispute* that Transpac *did not* have "advance reservations" at marinas when it submitted its Hurricane Plan to Yachtinsure. Yachtinsure supported Statement of Fact No. 17 with Paragraph 17 of Declaration of Liam

---

[1] While the Plaintiff does not refer to the specific paragraph that supports its denial it appears as though the Plaintiff is attempting to refer to Paragraphs 9 & 10. The Defendant has moved this Honorable Court to Strike Paragraphs Nine (9) and Ten (10) of Transpac's Declaration at Docket No. 24-3 because First Circuit precedent is clear that "[w]hen an interested witness has given clear answers to unambiguous questions [in an Examination Under Oath], he cannot create a conflict and resist summary judgment with a [Declaration] that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed." *Colantuoni v. Alfred Calcagni & Sons, Inc*., 44 F.3d 1, 4-5 (1st Cir. 1994); *accord Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806-07 (1999). *See* Docket No. 33.

Talbot ("Talbot Declaration") and Exhibit B to the Talbot Declaration. Docket No. 28 p. 2 ¶ 17;

Docket No. 28-2 at § 19. Transpac's response in §19 of the Hurricane Plan is clear:

> What arrangements **have you made** for the safety of your vessel in the event that a named storm warning is issued?
> Constant weather watch and **advance reservations at marinas**

Docket No. 28-2 p. § 19. (our emphasis added)

Further, Ralph Young, Transpac's sole managing member, was examined under oath on November 26, 2019. At the examination, the following colloquy occurred:

> Q. Okay. Perfect. Now, my question is with regard to the No. 19. I understand the constant weather watch. **With regard to the advanced reservations at marinas in advance of Dorian, did you have any advanced reservations at marinas either in St. Thomas or Puerto Rico?**
>
> **A. No.**
>
> Q. Okay. And did you – I mean, I understand that you didn't have any, but did you contact any to see if they were able to take your vessel on?
>
> A. Well, again, the only marina that was listed in the hurricane plan was Puerto del Rey. And, no, I did not contact them prior to the arrival of Dorian.
>
> Q. Okay. And why not?
>
> A. Because Fajardo and Puerto was expected to be right in the path of Dorian up until the 27th of so of August.
>
> **Q. Okay. And what about any of the local St. Thomas marinas?**
>
> **A. I did not contact them as I previously said.**

Docket No. 27-13, EUO of Ralph Young p. 6 line 9 through p. 7 line 6. (our emphasis added).

Now, in an effort to create conflict and resist summary judgement, the Plaintiff's Declaration asserts the following:

> I followed the hurricane plan for the Vessel by mooring where agreed to and **attempting to get an advance berth** for the Vessel prior to the storm's arrival.

Docket No. 24-3 at ¶ 9. (our emphasis added)

3

Transpac's response in §19 of the Hurricane Plan and the Plaintiff's testimony at the November 26, 2019 Examination Under Oath are clear – Transpac did not have advance reservations and did not contact local marinas to obtain same. Now, Transpac attempts to create a genuine issue of fact by denying Yachtinsure's Statement of Fact No. 17; However, Transpac cannot and does not cite to evidence "showing that the materials cited do not establish … presence of a genuine dispute…" Fed. R. Civ. P. 56 (c)(1)(A)-(B). Therefore, Transpac's Response to Statement of Fact No. 17 should be stricken and Yachtinsure's Statement of Fact No. 17 deemed admitted for the purposes of Summary Judgment. *See Aulisio v.Baystate Health Sys.*, Civil Action No. 11-30027-KPN, 2012 U.S. Dist. LEXIS 127435, at *7 (D. Mass. Sep. 7, 2012) (granting defendant's Motion to Strike Plaintiff's statements of disputed facts because Plaintiff denied facts in summary fashion without citing to the record).

Paragraph 10 of the Transpac's Declaration is another clear attempt to change Transpac's testimony, to create conflict and resist summary judgment without a proper explanation as to the change in testimony. As outlined *infra,* Transpac provided clear and unambiguous testimony that the it did not contact any marinas in the area prior to Hurricane Dorian's arrival. *See* Docket No. 27-13, EUO of Ralph Young p. 6 line 9 through p. 7 line 6.

Now, Transpac states, in its Declaration that:

> Upon arrival at the Crown bay Marina, I, Ralph Young, observed that the management caused all the vessels to depart the marina and **they would not take advanced reservations.**

Docket No. 24-3 at ¶ 10.

Transpac again attempts to alter its prior testimony without providing a satisfactory reason. In Ralph Young's November 26, 2019 Examination Under Oath, he further testified that he "did not feel it was necessary" to contact marinas:

4

> Q. Okay. And in the -- was there any particular reason why you didn't contact any of the local marinas?
>
> A. I didn't feel it was necessary because, again, up until the very last minute, the path of the hurricane was to go far to the west of St. Thomas

Docket No. 27-13, EUO of Ralph Young p. p. 7 line 7 to line 12.

Now, Transpac indicates he attempted to make reservations upon his arrival to Crown Bay Marina, in complete contradiction to the Plaintiff's testimony during the November 26, 2019 Examination Under Oath. Therefore, Paragraph 10 of the Plaintiff's Declaration is an improper attempt to avoid summary judgment and should be stricken.

2. ***Transpac's Response to Yachtinsure's Statement of Fact No. 19***

The Plaintiff's Response to Yachtinsure's Statement of Fact No. 19 includes non-responsive language that clouds the relevant material fact that should be stricken.

Yachtinsure's Statement of Fact No. 19 States:

> Prior to Yachtinsure issuing the Policy, on April 19, 2019, Transpac's sole member, Ralph Young, confirmed in writing that in the event of a named/numbered storm, mooring lines will be doubled. *Talbot Dec.* at ¶ 20; *Exhibit C to Talbot Dec.*

Docket No. 27 at p. 4 ¶ 19

In Response, Transpac admits Yachtinsure's Statement of Fact No. 19 stating:

> Fact # 19 is admitted. Plaintiff did more than double the holding power of lines on the mooring point before the storm.

Docket No. 30 at p. 3 ¶ 19. (our emphasis added).

The language included in its Response to Yachtinsure's Statement of Fact No. 19 should be stricken because it is unresponsive and not properly supported. *See Aulisio v.Baystate Health Sys.*, Civil Action No. 11-30027-KPN, 2012 U.S. Dist. LEXIS 127435, at *7 (D. Mass. Sep. 7,

2012) (granting defendant's Motion to Strike Plaintiff's statements of disputed facts because as non-responsive).

Prior to Yachtinsure issuing the Policy, in its Hurricane Plan, Transpac specifically stated that "10 lines, 3⁄4 inch. Nylon braid" would be used to secure the Vessel. Docket No. 28-2 at p. 2 § 15. Prior to issuing the Policy Yachtinsure requested that Transpac confirm, that "lines will be doubled in the event of a named/numbered windstorm." Docket No. 28 *Talbot Dec.* at ¶ 19; Docket No. 28-3 *Exhibit C to Talbot Dec.* Prior to Yachtinsure issuing the Policy, on April 19, 2019, Transpac's sole member, Ralph Young, confirmed in writing that in the event of a named/numbered storm, mooring lines will be doubled. Docket No. 28 *Talbot Dec.* at ¶ 20; Docket No. 28-3 *Exhibit C to Talbot Dec.*

Yachtinsure's Statement of Fact No. 19 simply stated that Yachtinsure requested Transpac to confirm that "lines will be doubled…" and did not address the "holding power of the lines." Now, Transpac, in an attempt muddy the waters, and direct the Court away from Transpac's material misrepresentations while procuring insurance, states that the "Plaintiff did more than double the holding power of lines on the mooring point before the storm."[2] Docket No. 29 at p. 3 ¶ 19. Not only is Transpac's statement non-responsive, Transpac fails to provide a citation to "page references to affidavits, deposition and other documentation" to support its statement in violation of Local Rule 56.1.

Therefore, Transpac's statement that the "Plaintiff did more than double the holding power of lines on the mooring point before the storm" should be stricken and not considered for summary judgment.

---

[2] There is nothing, besides an inadmissible, unauthenticated website printout to support Transpac's argument that it doubled the holding power of the mooring lines which is the subject of the Defendant's Motion to Strike Exhibit B to Plaintiff's Response in Opposition to Defendant's Motion For Summary Judgment at Docket No. 30-2

### 3. *Transpac's Response to Yachtinsure's Statement of Fact No. 30.*

Yachtinsure's Statement of Fact No. 30 States:

In connection with insurance policies, such as the Policy issued to Transpac, Yachtinsure finds that having advance reservations at marinas in the event that a named storm warning is issued materially lowers the risk that an insurance claim will be made against the policy. *Talbot Dec.* at ¶ 30.

Docket No. 27 at p. 6 ¶ 30.

In Response, Transpac denies Yachtinsure's Statement of Fact No. 30 stating:

Fact #30 is denied. Defendant has never produced its underwriting file nor its underwriting guidelines. See Defendant's request for production. Additionally, Plaintiff objects to this submission as an improper expert opinion never before disclosed in violation of Rule 26, without any basis, empirical data or statistics. See declaration of Ralph Young DE 24-3.

Docket No. 30 at p. 2 ¶ 30.

Transpac's denial of Statement of Fact No. 19 states, *inter alia*, that "… Plaintiff objects to this submission as an improper expert opinion never before disclosed in violation of Rule 26, without any basis, empirical data or statistics. See declaration of Ralph Young DE 24-3"

Local Rule 56.1 states:

"[a] party opposing the motion shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, deposition and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion of opposition. **Material facts of record set forth in the statement required to be served by the moving party will be deemed for the purposes of this motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties**." (our emphasis added).

First, nowhere in the Transpac Declaration at Docket No. 24-3, does the Plaintiff refer to any expert opinions, or non-disclosure of documents. Therefore, Transpac has not cited to the record to support its denial of Yachtinsure's Statement of Fact No. 30, and Yachtinsure's Statement of Fact No. 19 should be deemed admitted. Local Rule 56.1.

Second, Transpac's contention that the Talbot Declaration is "an improper expert opinion never before disclosed in violation of Rule 26, without any basis, empirical data or statistics" yet again misses the mark and is only used as an attempt to create a genuine issue of material fact that does not exist.

In Yachtinsure's Fed. R. Civ. P. 26(a)(1) Disclosures, Yachtinsure identified certain "individuals likely to have discoverable information that [Yachtinsure] may use to support [Yachtinsure's] claims or defenses relative to the facts alleged with particularity in the pleadings," including "Representatives of Yachtinsure Services Inc." Yachtinsure's Fed. R. Civ. P. 26(a)(1) Disclosures further state that:

> Representatives of Yachtinsure Services Inc. may have knowledge regarding the allegations in the [Transpac]'s Complaint, the averments and defenses in [Yachtinsure]'s Answer, the allegations in [Yachtinsure]'s Counter Claim, Yachtinsure Policy No. ASI00620200 (the "Policy") issued to the [Transpac], the terms and conditions of the Policy in effect on August 28, 2019 … [Transpac]'s failure to adhere to [Transpac]'s Hurricane Plan in the Policy… [Yachtinsure]'s investigation of the alleged incident … communications between representatives of [Yachtinsure] and the Plaintiff, the Plaintiff's failure to adhere to the terms and conditions of the Policy, [Yachtinsure]'s denial of coverage for the Plaintiff's claim.

Yachtinsure's Rule 26(a)(1) Disclosures is attached hereto as Exhibit 3.

Despite Yachtinsure's identification of a corporate representative, like Mr. Liam Talbot, who would be competent to testify on the above topics and the bases therefore, ***Transpac failed to take or even notice one (1) single deposition or statement under oath***, including the Fed. R. Civ. P. 30(b)(6) deposition of Yachtinsure.

In light of the above, Transpac's arguments that Mr. Talbot was "undisclosed" and must have been identified as an expert is a fabricated attempt to divert the Court away from Transpac's material misrepresentations.

Finally, a "qualified expert" is not required to provide testimony regarding personal knowledge of in house procedures. *Atlantic Specialty Ins. Co.*, 480 F.Supp.3d at 338, n. 7

In *Atlantic Specialty Ins. Co.*, the plaintiff, Atlantic Specialty, established "actual" reliance on a material fact in an insurance application with the affidavit of one of Atlantic Specialty's "experienced underwriters." 480 F.Supp.3d at 338. The Court, in *Atlantic Specialty* stated that it could rely on the Declaration of the experienced underwriter and the underwriter does not need to be an expert. 480 F.Supp.3d at 338, n. 7.

Transpac's objection to the Talbot Declaration on the basis that it is an "expert" opinion misses the mark. Yachtinsure does hold Mr. Talbot out as an expert anywhere in the record. Mr. Talbot's Declaration properly support's Yachtinsure's position that prior to issuing Transpac's Policy, it OBJECTIVELY and ACTUALLY relied upon Transpac's material representations in its Renewal Application, Hurricane Plan, and subsequent correspondence. *Atlantic Specialty Ins. Co.*, 480 F.Supp.3d at 338, n. 7. Therefore, Transpac's Response to Yachtinsure's Statement of Fact No. 30 should be stricken and Yachtinsure's Statement of Fact No. 30 should be deemed admitted for the purposes of summary judgment.

WHEREFORE, Defendant, Yachtinsure Services, Inc., prays this Honorable Court grant its Motion to Strike Plaintiff's Responses to Defendant's Statement of Fact Nos. 17, 19, and 30, deeming Yachtinsure's Statement of Fact Nos. 17 and 30 admitted and grant such other relief which is just and proper.

Respectfully Submitted,
Defendant, Yachtinsure Services, Inc.
By its attorneys,

HOLBROOK & MURPHY

*/s/ Daniel C. Kelley*
Robert J. Murphy BBO# 557659
Samuel P. Blatchley BBO# 670232
Daniel C. Kelley BBO# 703555
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
rmurphy@holbrookmurphy.com
sblatchley@holbrookmurphy.com
dkelley@holbrookmurphy.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2021, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Daniel C. Kelley*
Daniel C. Kelley BBO# 703555
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
dkelley@holbrookmurphy.com