UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRANSPAC MARINE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:20-cv-10115-DPW |
| ) | |
| YACHTINSURE SERVICES, INC. ) | |
| a foreign Corporation, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT, YATCHINSURE SERVICES, INC.'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS NO. 9, 10, 11, 12, 13, 14, 15, 16, 21, 22, 26, 27, 28, 29, 30, 31, 33, 34, 44, 46, 47, 48, 49, 50, 52, and 53.**

NOW COMES the Defendant, Yachtinsure Services, Inc. ("Yachtinsure" or "Defendant"), in the above captioned matter, by and through its attorneys, Holbrook & Murphy, and respectfully submits its Motion to Strike Plaintiff's Response to Defendant's Concise Statement of Material Facts Nos. ("Yachtinsure's Statement of Facts") 9, 10, 11, 12, 13, 14, 15, 16, 21, 22, 26, 27, 28, 29, 30, 31, 33, 34, 44, 46, 47, 48, 49, 50, 52 and 53 under Local Rule 56.1 (hereinafter referred to as "Motion to Strike"). Yachtinsure submits the below in support of its Motion to Strike.

> 1. *Plaintiff fails to cite to the record in its Response to Defendant's Concise Statement of Material Facts in violation of Local Rule 56.1.*

United States District Court for the District of Massachusetts Local Rule 56.1 states:

> "[a] party opposing the motion shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, **with page references to affidavits, depositions and other documentation**. Copies of all referenced documentation shall be filed as exhibits to the motion of opposition. **Material facts of record** set forth in the statement required to be served by the moving party **will be deemed for the purposes of**

1

**this motion to be admitted by opposing parties unless controverted** by the statement required to be served by opposing parties." (our emphasis added)

In *Aulisio v. Baystate Health Systems, Inc.*, the court granted the defendant's motion to strike certain statements from the Plaintiff's Statements of Material Facts in Dispute because it found the Plaintiff's statements failed to comply with Local Rule 56.1. Civil Action No. 11-30027-KPN, 2012 U.S. Dist. LEXIS 127435, at *2-3 (D. Mass. Sep. 7, 2012). The court found the Plaintiff denied "facts asserted by the Defendants but did so in a summary fashion without citing to the record." *Id.* The court held the failure "to support any fact or disputed fact with citations" was inconsistent with the goals of LR 56.1 and granted the defendant's motion to strike. *Id.*

Here, like in *Aulisio*, the Plaintiff, Transpac Marine, LLC ("Transpac"), repeatedly failed to cite to the record in its Response to Yachtinsure's Statement of Facts in violation of Local Rule 56.1. Local Rule 56.1 requires that a party denying a fact must do so with "page references to affidavits, deposition and other documentation." However, Transpac, without any citation to the record, simply denied Defendant's Fact's 9, 10, 11, 12, 13, 14, 15, 16, 26, 27, 28, 29, 30, 31, 33, 34, 44, 46, 47, 48, 49, and 50 simply citing to one of, or a combination of, the following:

a) "Defendant has never produced its underwriting file nor its underwriting guidelines."

b) "See Defendant's request for production attached to Response to Motion to dismiss [sic]"

c) "See Defendant's request for production."

Transpac did not provide citation to the record in the form of "affidavits, deposition[s] and other documentation," under LR 56.1, and the material facts set forth in the statement should be deemed admitted. *See Aulisio,* 2012 U.S. Dist. LEXIS 127435, at *7 (granting defendant's

Motion to Strike Plaintiff's statements of disputed facts because Plaintiff denied facts in summary fashion without citing to the record).

Similarly, in Plaintiff's Response to Defendant's Concise Statement of Material Facts Nos. 21, 22, 52, and 53, Transpac again fails to provide citation to the record in the form of "affidavits, deposition[s] and other documentation" and simply states that "the document speaks for itself." Therefore, Transpac's Responses to Defendant's Concise Statement of Material Facts Nos. 21, 22, 52, and 53 should be stricken and Defendant's Concise Statement of Material Facts Nos. 21, 22, 52, and 53 deemed admitted for the purposes of summary judgment.

    **2.**    ***Transpac's averments that Yachtinsure failed to properly respond to discovery are without merit.***

On August 3, 2020, Yachtinsure timely served its Responses to Requests for Production, including 245 pages of documents. Docket No. 30-1. While undersigned counsel and Transpac's counsel conferred or attempted to confer regarding same, no agreement to supplement and no Motion to Compel was ever made by Transpac prior to the close of discovery and up to and including the time of this filing. Factual discovery closed on January 20, 2021. Docket No. 15. On March 1, 2021, the Parties filed a Joint Status report, and while there was discussion of Transpac's delinquent discovery responses, Transpac made no mention of Yachtinsure's discovery responses or any issues with same. Docket No. 16. As such, any such complaints regarding Yachtinsure's full throated discovery responses are waived, and Transpac is not entitled to any inference that Yachtinsure's objections were invalid or that Yachtinsure did not comply in providing a complete response to Transpac's requests. *Ayala-Gerena v. Bristol Myers Squibb Co.*, 95 F.3d 86, 93-94 (1st Cir. 1996).

Indeed, Transpac's argument should further fall on deaf ears as a result of the plethora of undisputed evidence, as discussed *supra*, demonstrating that Yachtinsure objectively and actually

relied upon Transpac's material misrepresentation in issuing the Policy, and is therefore entitled to void same.

WHEREFORE, Defendant, Yachtinsure Services, Inc., prays this Honorable Court grant its Motion to Strike Plaintiff's Response to Defendant's Concise Statement of Material Facts No. 9, 10, 11, 12, 13, 14, 15, 16, 21, 22, 26, 27, 28, 29, 30, 31, 33, 34, 44, 46, 47, 48, 49, 50, 52 and 53, deem the aforementioned facts admitted, and grant such other relief which is just and proper.

            Respectfully Submitted,
            Defendant, Yachtinsure Services, Inc.
            By its attorneys,

            HOLBROOK & MURPHY

            */s/ Daniel C. Kelley*
            Robert J. Murphy BBO# 557659
            Samuel P. Blatchley BBO# 670232
            Daniel C. Kelley BBO# 703555
            Holbrook & Murphy
            238-240 Lewis Wharf
            Boston, MA 02110
            (617) 428-1151
            rmurphy@holbrookmurphy.com
            sblatchley@holbrookmurphy.com
            dkelley@holbrookmurphy.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2021, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

            */s/ Daniel C. Kelley*
            Daniel C. Kelley BBO# 703555
            Holbrook & Murphy
            238-240 Lewis Wharf
            Boston, MA 02110
            (617) 428-1151
            dkelley@holbrookmurphy.com